IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

BRANDON MATTOX

v

QANTAS AIRWAYS. LTD.

**COMPLAINT**

Plaintiff Brandon Mattox, through undersigned counsel, for his complaint against defendant Qantas Airways, Ltd. ("Qantas") states as follows:

**COUNT I**

1. Plaintiff is a citizen and resident and domiciliary of the United States

2. Defendant Qantas is a corporation which, upon information and belief, is organized under the laws of Australia and has its principal place of business in Australia.

3. This cause arises from injuries sustained by plaintiff in international carriage by air and arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal, May 28, 1999 ("Montreal Convention"). This Court has subject matter jurisdiction under the Montreal Convention as plaintiff is a citizen and resident and domiciliary of the United States and the ticket for plaintiff's carriage was purchased in the United States. This Court therefore has federal question jurisdiction under 28 U.S.C. §1331. Venue is proper in this district as defendant does business in this district.

4. On October 7, 2010, as part of his international travel, plaintiff was a passenger on board a certain aircraft being operated by defendant Qantas as Flight 72 from Singapore to Perth, Australia.

5. At all times relevant hereto, defendant Qantas owed a duty to plaintiff to use reasonable care in the operation of the accident aircraft so as not to cause injury to plaintiff.

6. On October 7, 2008, defendant Qantas, directly or through its agents, negligently breached its duty owed through one or more of the following negligent acts or omissions:

(a) negligently operated the accident aircraft with an air data inertial reference unit (ADIRU) which provided erroneous data, including, but not limited to, erroneous data concerning the angle of attack, to the accident aircraft's flight control computers;

(b) negligently operated the accident aircraft with flight control computers which failed to filter out the erroneous data provided by the ADIRU;

(c) negligently operated the accident aircraft with flight control computers which commanded dangerous and improper flight control movements;

(d) negligently operated the accident aircraft when the accident aircraft allowed dangerous and unauthorized flight control movements;

(e) negligently operated the accident aircraft when the accident aircraft failed to contain any warnings of the defects in the ADIRU and flight control computers;

(f) negligently operated the accident aircraft when the accident aircraft did not have adequate protection of the ADIRU, flight control computers and other components from electromagnetic interference; and

(g) negligently operated the accident aircraft when the aircraft was difficult to recover from unusual attitudes and such recovery by the flight crew was caused to be delayed.

7. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant, the accident aircraft was caused to, and did, on two separate occasions during the subject flight go into a steep nose down maneuver, causing plaintiff and others on board the accident aircraft to be thrown violently about the aircraft.

8. As the proximate result thereof, plaintiff was caused to, and did, suffer serious physical and psychological injury and pecuniary and non-pecuniary damages, including past and future medical bills, past and future lost wages, permanent disability, disfigurement, pain and suffering, and mental anguish.

WHEREFORE, plaintiff, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant Qantas Airways, Ltd. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

_____
FLOYD A. WISNER
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm, Ltd.
3N780 Trotter Lane
St. Charles, Illinois 60175
(630) 513-9434
(630) 513-6287 (fax)